**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Darren Starr

     v.                                    Civil No. 09-cv-440-JL

Greg Moore, et al.[1]

## **O R D E R**

Darren Starr has filed a complaint (document no. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the First and Eighth Amendments to the United States Constitution, and under state law, have been violated by the defendants, all employees of the New Hampshire Department of Corrections ("NHDOC"). Because Starr is incarcerated, the matter is before me for preliminary review to determine, among other things, whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As fully explained in a Report and Recommendation issued

---

[1]All of the defendants named are employees of the New Hampshire Department of Corrections ("NHDOC"). In addition to Moore, who is a Chef at the Northern New Hampshire Correctional Facility ("NCF"), Starr has named Corrections Officer ("C.O.") Bungay, Richard Jacobetz, C.O. Fullen, C.O. Dan Millis, NCF Warden Larry Blaisdell, NHDOC Deputy Commissioner Christopher Kench, NCF Unit Manager Robert Thyng, Leo Dussault, and NCF Mailroom Officer Jessica Riendeau as defendants to this action.

simultaneously with this Order, I find that Starr has stated claims upon which relief might be granted alleging: violations of his rights to a safe and secure prison environment; retaliation; and violations of state law.  Without further comment on the merits of the complaint, I direct service of these claims on defendant Greg Moore.  In my Report and Recommendation, I recommended dismissal of a First Amendment claim and the other defendants named in the complaint.

I order the complaint (document no. 1) be served on defendant.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, copies of this Order, the Report and Recommendation issued this date, and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether the defendant has authorized the AG's office to receive service on his behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

If the defendant does not authorize the AG's office to receive service on his behalf, or the AG declines to represent him, the AG shall, within thirty days from receipt of the

2

aforementioned materials, provide the last known address of the defendant.  The Clerk's office is instructed to complete service on the defendant by preparing and issuing a summons for the defendant and forwarding the complaint (document no. 1), the Report and Recommendation issued this date, and this Order, to the United States Marshal's Office to effect service pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 1915(d).

Defendant is instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   July 27, 2010

cc:   Darren Starr, pro se

LM:jba

3