```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW HAMPSHIRE
```

Darren Starr

    v.                                  Civil No. 09-cv-440-JL
                                            Opinion No. 2012 DNH 064
Greg Moore


**MEMORANDUM ORDER**

    The parties to this case, arising out of a prison employee's claimed retaliation against an inmate for seeking relief from this court in another matter, disagree over the admissibility, at the upcoming jury trial, of two types of "other acts" evidence: (a) other litigation by the inmate and (b) other alleged acts of retaliation by the employee.  The inmate, plaintiff Darren Starr, has moved in limine seeking to exclude evidence of lawsuits, as well as internal grievances, that he filed against the prison or its employees after the alleged retaliation at issue.  The prison employee named as a defendant in this action, Greg Moore, has moved in limine seeking to exclude evidence of other acts of alleged retaliation against Starr.

    Starr claims that, by telling other inmates that their special holiday meals had been discontinued because of Starr's complaint to this court in another matter, Moore not only retaliated against Starr for exercising his First Amendment

rights, but also endangered his well-being in violation of his Eighth Amendment rights.  This court therefore has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question).  For the reasons fully explained below, both motions in limine are denied without prejudice to the potential exclusion of particular lawsuits or grievances, or particular acts of alleged retaliation, at trial.

I.  **Background**

Starr, the plaintiff, is now an inmate at the New Hampshire State Prison.  At the time of the events underlying this lawsuit, he was incarcerated at the Northern New Hampshire Correctional Facility.  Moore, the defendant, worked as a cook in the kitchen of that facility.  Proceeding pro se and seeking leave to proceed in forma pauperis, Starr commenced this action against Moore, and a number of other facility employees, on December 16, 2009.  Following her preliminary review, see L.R. 4.3(d)(2), Magistrate Judge McCafferty construed the complaint to state plausible claims against Moore for (1) retaliation against Starr for exercising his First Amendment right to petition for redress of grievances, (2) endangering Starr's well-being in violation of his Eighth Amendment rights, and (3) intentionally inflicting

emotional distress on Starr at common law.¹  But she recommended dismissal of another First Amendment claim that Starr had asserted, as well as all of his claims against all of the other employees he had named.  This court later adopted Judge McCafferty's report and recommendation in full, over Starr's objection.  Order of Aug. 18, 2010.

Starr alleges that Moore told other inmates that they were no longer receiving special meals on holidays as a result of a complaint that Starr had made to this court.  Specifically, in early 2005, Starr had filed internal prison grievances over a proposed change to the prison's meal policy so that inmates would receive just two meals, rather than the customary three, on Saturdays and Sundays.  Starr then mentioned this change to Magistrate Judge Muirhead during an evidentiary hearing in a seemingly unrelated case that Starr had filed against the warden and a number of other employees at the facility.²  At the hearing, in March 2005, Judge Muirhead expressed the view that this change would be "totally contrary to the prison's own

---

¹Starr agreed to waive the intentional infliction of emotional distress claim at the final pretrial conference.

²In that action, Starr claimed that the prison was unconstitutionally depriving him of his right to marry.  <u>Starr v. N. N.H. Corr. Facility</u>, No. 04-002 (D.N.H. Jan. 5, 2004).

3

regulations" and urged the attorney for the defendants there that it "be stopped beginning immediately."

The facility indeed stopped serving only two meals on Saturdays and Sundays, but also stopped serving special holiday meals. These had consisted of brunch and a holiday-themed supper, both containing more food than the non-holiday meals. On July 4, 2005, a number of inmates complained about their non-special holiday meals to employees working in the facility's kitchen, who explained that this change came about because Starr had sued the prison, so that, in essence, "if they had any problem with not having a holiday meal, they should take it up with Starr." Some of them did just that, resulting in physical confrontations between Starr and the inmates. Starr alleges that essentially the same sequence of events played out on or around several subsequent holidays, including July 4, 2005, Thanksgiving 2005, Christmas 2005, Super Bowl Sunday 2006, Thanksgiving 2006, Christmas 2006, and, finally, July 4, 2007.

Starr learned that it was Moore who had blamed him for the inferior holiday meals on the last of these days, July 4, 2007. Indeed, Starr alleges that Moore admitted as much to him. As provided by the prison's internal rules for prisoner complaints, Moore timely filed an inmate request slip, a second level grievance, and a third level grievance complaining about Moore's

4

actions.  In response, prison officials told Starr, in substance, that Moore would be reprimanded in some fashion but not fired, and that nothing else would be done.  Aside from an inmate request slip that he had filed after the Super Bowl Sunday incident, Starr had not filed timely grievances about any of the other times he had been blamed for the substandard holiday fare.

Since learning of Moore's conduct, Starr has filed at least two other actions in this court against employees of the state prison, complaining about unrelated matters.  See Starr v. Knierman, No. 10-437 (Sept. 28, 2010) (challenging aspects of the prison mail policy); Starr v. Blaisdell, No. 07-311 (Sept. 28, 2007) (seeking habeas relief from New Hampshire's "truth in sentencing" law, N.H. Rev. Stat. Ann. § 651:2, II-e).  Starr acknowledges that he has also filed grievances on unrelated matters, though he does not identify those matters specifically.

**II.  Analysis**

As noted at the outset, Starr seeks to exclude evidence that he filed grievances and lawsuits over unrelated matters subsequent to the claimed acts of retaliation at issue here, while Moore seeks to exclude evidence of that retaliation except

5

as it relates to the final incident, on July 4, 2007.  Both motions are denied.[3]

First, the fact that Starr made formal complaints against prison employees after Moore had allegedly retaliated against him for formally complaining about the meal policy has at least some probative value as to whether Moore's conduct would have deterred a similarly situated person of ordinary firmness from exercising his First Amendment petition right--which is an essential element of Starr's retaliation claim.  Second, evidence of the incidents of alleged retaliation prior to July 4, 2007, tends to show, if nothing else, that Moore was acting with an intent to retaliate against Starr in blaming him for the lack of holiday meals on that day.  This theory of relevance is unaffected by Moore's arguments that Starr cannot recover for some or all of those

---

[3] Starr has also filed another motion in limine, seeking a jury instruction that he engaged in conduct protected by the First Amendment's petition right when he filed the grievances and complained to Judge Muirhead about the meal policy.  In response, Moore explains that he has no objection to "a general instruction to the jury that inmates have a First Amendment right to file grievances and to file complaints in court regarding prison conditions," which the court takes to imply that he does have an objection to the full relief sought by Starr, which includes instructing the jury that he "has met his burden of proving that he engaged in constitutionally protected activity."  The court considers that relief to be premature at the moment.  Accordingly, Starr's motion in limine seeking a jury instruction is granted insofar as Moore assents to it, but is otherwise denied without prejudice to requesting the balance of the instruction in the appropriate context at trial.

other incidents because he failed to grieve them according to the facility's internal procedures or they occurred outside of the limitations period (issues which this court does not decide at the moment), or for any other reason.

### A.   Starr's subsequent grievances and lawsuits

As Starr acknowledges, to prevail on his retaliation claim, he must show, among other things, that Moore's complained-of conduct would have "deter[red] a similarly situated individual of ordinary firmness from exercising his or her constitutional rights."  Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2002); accord Starr v. Dube, 334 Fed. Appx. 341, 342-43 (1st Cir. 2009) (unpublished disposition); Horstkotte v. N.H. Dep't of Corrs., 2010 DNH 058, 8.  He argues, though, that because this is an "objective inquiry," Dawes, 239 F.3d at 489; see also, e.g., Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), whether he was deterred from future petitioning activity is irrelevant, so evidence of his subsequent grievances and lawsuits is inadmissible, see Fed. R. Evid. 401, 402.

Starr is correct that, in evaluating a retaliation claim, "the issue is whether a person of ordinary firmness would be deterred, not whether [the plaintiff] himself actually was deterred."  Thomas v. Eby, 481 F.3d 434, 441 (6th Cir. 2007).

7

Otherwise, "no case alleging retaliation for exercising First Amendment rights could ever be brought," because the very bringing of the case would show that the complained-of retaliation had not deterred the plaintiff.  Id.; see also, e.g., Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005) (rejecting such a rule as placing plaintiffs claiming retaliation in a "vicious Catch-22").

Yet it does not follow that evidence of how the plaintiff himself acted in the face of the alleged retaliation is irrelevant to how a person of ordinary firmness would have acted in a similar situation.  To the contrary, a number of courts have recognized that, in assessing retaliation claims, "how a plaintiff acted might be evidence of what a reasonable person would have done."  Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003); see also, e.g., Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 1997); Hofelich v. Ercole, No. 06-13697, 2010 WL 1459740, at *3 (S.D.N.Y. Apr. 8, 2010); Houseknecht v. Doe, 653 F. Supp. 2d 547, 561 (E.D. Pa. 2009) (citing additional cases).  So it is potentially relevant that, after experiencing the alleged retaliation for complaining to this court about the meal policy, Starr persisted in filing grievances and lawsuits against prison employees.  See Fed. R.

Evid. 401, 402. Because relevance is the only basis that Starr urges for excluding that evidence at this point, his motion in limine is denied. This ruling is without prejudice, however, to Starr's seeking to exclude evidence of particular grievances or lawsuits on other grounds.[4]

**B.    Incidents other than that of July 4, 2007**

For his part, Moore moves to exclude evidence of "any alleged statements made by [him] or alleged assaults on [Starr] that occurred on dates other than July 4, 2007." Moore offers two arguments in support of this relief: (1) Starr failed to properly exhaust his administrative remedies as to those incidents, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and (2) many of those incidents occurred outside of the three-year limitations period under New Hampshire law, N.H. Rev. Stat. Ann. 508:4, which applies to his federal constitutional claims, see, e.g., McNamara v. City of Nashua, 629 F.3d 92, 95 (1st Cir. 2011). These are both affirmative defenses that Moore has the burden of proving at trial. See, e.g.,

---

[4]For example, the subject-matter of particular grievances or lawsuits may carry a risk of unfair prejudice that substantially outweighs their probative value. See Fed. R. Evid. 403. The court cannot determine that at present, however, because neither party has provided any information about Starr's subsequent grievances or lawsuits (the actions cited supra were located by this court through a search of its docket).

9

Asociación de Suscripción Conjunta del Seguro de Responsibilidad Obligatorio v. Juarbe-Jiménez, 659 F.3d 42, 50 n.6 (1st Cir. 2011) (limitations); Jones v. Bock, 549 U.S. 199, 216 (2007) (PLRA non-exhaustion).  Moore does not explain how these defenses, even if they applied to limit Starr's recovery to the July 4, 2007 incident, would render evidence of his alleged statements on prior occasions inadmissible.

Even if Starr's claim were limited to July 4, 2007, as Moore argues, evidence of Moore's statements blaming Starr's complaints for the substandard meals on prior holidays would still be admissible to show, at a minimum, that he acted with retaliatory intent in laying blame on Starr for the substandard meal on July 4, 2007.  Evidence of other acts may be admissible to prove intent, among other things, see Fed. R. Evid. 404(b), and, under this rule, "[o]ne or more similar prior incidents will often be admitted in civil and criminal actions to show a pattern of operation that would suggest intent."  2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.22[1][a], at 404-71 (Joseph M. McLaughlin, ed., 2d ed. 1997 & 2010 supp.) (footnote omitted).  So evidence of Moore's prior statements

attributing the meager holiday meals to Starr's complaints is admissible.[5]

The prior assaults upon Starr that allegedly followed from those statements, however, are a different matter. The assaults were allegedly carried out by other inmates, not by Moore, so they are not his "acts" for purposes of Rule 404(b). If Moore had known about the assaults prior to July 4, 2007, evidence of them could be admissible to show that Moore was acting with retaliatory intent or deliberate indifference in blaming Starr for the disappointing holiday meals on that last occasion, on the theory that he knew or should have known that a similar result was then likely to follow. At the final pretrial conference, however, Starr acknowledged that he has no evidence that Moore in fact knew of the assaults prior to July 4, 2007.

So, on the record as it stands, evidence of the prior assaults appears to be relevant only if Starr can recover for them here--and, as just noted, Moore argues that Starr is barred from that recovery by the statute of limitations and his failure to exhaust administrative remedies. In response, Starr argues

---

[5]Though Moore denies blaming Starr for the substandard holiday meals at any time before July 4, 2007, counsel for Starr has made a detailed proffer of anticipated testimony from several third-party witnesses that they heard Moore make comments to that effect on several prior holidays.

that Moore's repeatedly blaming Starr for the substandard holiday meals amounted to a continuing violation, see, e.g., Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610-11 (1st Cir. 1994), so that Starr properly exhausted his administrative remedies and timely filed this lawsuit as to all of Moore's statements (and the resulting assaults) by doing so as to the last of them.  Starr also argues, in the alternative, that he did not know, and could not reasonably have discovered, that Moore was the source of the alleged retaliatory remarks at any time prior to July 4, 2007, so that, until then, the limitations period on Starr's claim arising out of the prior remarks was tolled, see N.H. Rev. Stat. Ann. § 510:4, I, and the prison's grievance process was not "available" to him, see 42 U.S.C. § 1997e(a).  Moore, unsurprisingly, disagrees with both of these theories.

But resolving these potentially difficult limitations and exhaustion problems--including possible factual issues as to whether Starr could have identified Moore as the source of the remarks at some earlier time--is not the proper function of a motion in limine.  See Masello v. Stanley Works, Inc., ___ F. Supp. 2d ___, 2011 DNH 195, 9 n.6.  As Starr points out, Moore could have raised his limitations and non-exhaustion defenses in

a motion for summary judgment, but did not.[6]  In certain cases, a statute of limitations or similar defense might so clearly operate to cabin the plaintiff's recovery that the court could rule to that effect on a motion in limine.  Cf. O'Rourke v. City of Providence, 235 F.3d 713, 726-27 (1st Cir. 2001).  But this is not such a case, as just discussed.  Resolving Moore's limitations and non-exhaustion defenses, then, will have to await the appropriate time at trial.  In the meantime, the potential for those defenses to bar Starr from recovering for the alleged incidents of retaliation prior to July 4, 2007 provides no basis for barring Starr from presenting evidence of those prior incidents--including not only Moore's prior statements, but also the alleged prior assaults--at trial.

If, as it turns out, Moore sustains his burden of proof as to either or both of his limitations and non-exhaustion defenses, then the court can instruct the jury that they may not award damages for the prior incidents.  Moore's motion in limine is denied without prejudice to his raising and pursuing those

---

[6]Starr also argues that, by failing to do so, Moore has lost his chance to pursue these defenses at trial, but that is wrong. Moore raised the limitations and non-exhaustion defenses in his answer, and "a party does not waive a properly pleaded defense by failing to raise it by motion before trial." Coons v. Indus. Knife Co., 620 F.3d 38, 40 (1st Cir. 2010).

defenses at trial (and to seeking to exclude evidence of particular incidents on other grounds, if appropriate).

### III. **Conclusion**

For the foregoing reasons, Starr's first motion in limine[7] is DENIED without prejudice, his second motion in limine[8] is GRANTED in part and DENIED without prejudice in part, and Moore's motion in limine[9] is DENIED without prejudice, all as more fully explained in this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 28, 2012

cc:  Michael J. Sheehan, Esq.
     Laura E.B. Lombardi, Esq.

---

[7]Document no. 31.

[8]Document no. 32.

[9]Document no. 36.

14